### STATE v. ROUSSEAU (No. 2).
#### No. 4633.

Circuit Court, Dade County, Criminal Appeal.

November 13, 1958.

James Kytle Williams, Miami, for appellant.

Richard E. Gerstein, State Attorney, and Glenn C. Mincer, Ass't. State Attorney, for appellee.

ROBERT H. ANDERSON, Circuit Judge.

*Order denying petition for rehearing and granting stay of mandate pending certiorari*: This cause came on to be heard upon the appellant's petition for rehearing. It has been made known to the court by appropriate and timely notice that the appellant intends to apply to the Supreme Court of Florida for a writ of certiorari to review the court's judgment of affirmance, dated October 30, 1958, as provided by Florida Appellate Rules, 4.5 c, as amended.

The court has given due, deliberate and careful consideration to the petition for rehearing, and finds no omissions or oversights which this court has failed to consider, as is stated in the complainant's petition for rehearing.

The court finds that the judgment of affirmance, for which the appellant seeks review, construes a controlling provision of the Florida constitution.

It is considered, ordered and adjudged—

(1) That the appellant's petition for rehearing is denied.

(2) That the mandate in this cause affirming the judgment of the metropolitan court is stayed for a period of 60 days from the date of this order, to allow the appellant time to file with the Supreme Court of Florida his petition for a writ of certiorari.

(3) That the appellant, Rousseau, submit to the clerk of this court satisfactory proof that the petition for certiorari has been filed with the Supreme Court within the time herein allowed, and that the issuance of the mandate herein be further stayed, pending the final determination by the Supreme Court of the appellant's petition for certiorari.

(4) That this order staying the mandate in this cause shall be effective as provided for herein without the filing of any stay bond, provided, however, that the original supersedeas bond shall remain in full force and effect until further order of this court.

154

(5) That if the appellant, Rousseau, fails to comply with the terms of this order, the clerk of this court is commanded to dissolve and vacate this order and issue its mandate without any further motion of the appellee, or order of this court.